UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR TRAVILLION,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN E. WETZEL, in his official capacity as the Commonwealth of Pennsylvania's Secretary of Corrections, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:22-cv-01196<br><br>(SAPORITO, M.J.) |

# MEMORANDUM

This federal civil rights action commenced on August 1, 2022, when the plaintiff, Jamar Travillion, appearing through counsel, filed his fee-paid complaint. (Doc. 1.) The named defendants include the state secretary of corrections in his official capacity and four correctional officers in their personal capacities; there are no other defendants. (*Id.*) A summons packet was then issued to counsel for the plaintiff on August 5, 2022, for service on these five named defendants. (Doc. 3.)

On November 9, 2022, the plaintiff having failed to file proof of service of process with respect to any of the defendants, we entered an order directing the plaintiff to show cause why this action should not be

dismissed without prejudice for failure to timely effect service of process, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 4.)

Later that same day, the plaintiff filed his response. In that response, counsel for the plaintiff attributed the delay in service of process on a recent office relocation and an error by a member of his support staff. Counsel advised that this staff member mistakenly mailed the summons and complaint to the defendants by priority mail rather than certified mail. Counsel further advised that this mistake would be corrected immediately, with copies of the summons and complaint to be sent out to the defendants via certified mail this morning, November 10, 2022. In light of these circumstances, counsel requested a one-week extension of time to perfect service of process. (Doc. 5.)

But, except where a waiver has been obtained, *see* Fed. R. Civ. P. 4(d), service of original process on individual defendants in Pennsylvania by postal mail—certified or otherwise—is simply improper. *See Nanyonga v. Immigration & Naturalization Serv.*, 200 F.R.D. 503, 505 (M.D. Pa. 2001); *Staudte v. Abrahams,* 172 F.R.D. 155, 156 (E.D. Pa. 1997). Rule 4(e) of the Federal Rules of Civil Procedure provides a plaintiff two options for effecting service of original process. First, a

plaintiff may serve the summons and complaint pursuant to the law of the state in which the district court is located or the law of the state in which service is effected—Pennsylvania in this case either way, as the complaint alleges that all five individual defendants live or work within this federal judicial district. *See* Fed. R. Civ. P. 4(e)(1). Second, the plaintiff may arrange for a non-party adult to deliver a copy of the summons and complaint to the individual defendant personally, or by leaving copies at his home with someone of suitable age who resides there. *See* Fed. R. Civ. P. 4(e)(2). In this case, the plaintiff has attempted service in Pennsylvania by priority and certified mail, not in person. Therefore, the plaintiff's attempts at service by priority and certified mail are only proper if allowed under Pennsylvania law.

Generally, Pennsylvania only allows service by certified mail upon individuals if they are located out of state. *See* Pa. R. Civ. P. 404(2); *see also* Pa. R. Civ. P. 403. For individuals located within Pennsylvania, "original process shall be served within the Commonwealth *only by the sheriff*," Pa. R. Civ. P. 400(a) (emphasis added), and *only by hand delivery* to the defendant, an adult member of the family with whom he resides, the clerk or manager of the place of lodging where he resides, or the

person in charge of the defendant's usual place of business, Pa. R. Civ. P. 402(a). Thus, here, while a *waiver* of formal service may be obtained from each the defendants by sending a request by first-class mail, *see* Fed. R. Civ. P. 4(d), the plaintiff's attempts to serve original process on the five individual defendants by priority or certified mail have been entirely ineffectual.

Under these circumstances, we are unable to conclude that the plaintiff has demonstrated good cause for his failure to effect service in a timely manner,[1] but nevertheless, in the exercise of our discretion, we will grant the plaintiff an extension of time to properly effect service of original process on each of the five defendants. *See generally McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998); *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1098 (3d Cir. 1995); *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305–06 (3d Cir. 1995).

---

[1] In particular, we have considered the various factors identified by our sister courts in *Sanders-Darigo v. Careers USA*, 847 F. Supp. 2d 778, 784 (E.D. Pa. 2012), *Farrace v. U.S. Dep't of Justice*, 220 F.R.D. 419, 420–21 (D. Del. 2004), and *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 604 (D.N.J. 2003), and we conclude that this misapprehension by counsel of the applicable federal and state rules of civil procedure with respect to service of original process does not constitute good cause. *See Shore v. Henderson*, 168 F. Supp. 2d 428, 431 (E.D. Pa. 2001).

The seven days requested by the plaintiff is clearly insufficient to permit him to utilize the waiver of service procedure offered by Rule 4(d) of the Federal Rules of Civil Procedure or to effect personal service of the summons and complaint on each of the five defendants under the applicable federal or state rules of civil procedure. Thus, we will grant the plaintiff an extension of sixty days to effect service of original process.

An appropriate order follows.

Dated: November 10, 2022      ***s/Joseph F. Saporito, Jr.***
                              JOSEPH F. SAPORITO, JR.
                              United States Magistrate Judge